```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
HILAL K. HOMAIDAN, on behalf of
himself and all others similarly situated,

            Plaintiff-Appellee,              **MEMORANDUM AND ORDER**

      -against-                              Case No. 19-CV-935 (FB)

SALLIE MAE, INC., NAVIENT
SOLUTIONS, LLC, and NAVIENT
CREDIT FINANCE CORPORATION,

            Defendants-Appellants.
---------------------------------------------------x
```

*Appearances:*

| *For the Plaintiff-Appellee:* | *For the Defendants-Appellants:* |
|---|---|
| ADAM R. SHAW | SHAWN R. FOX |
| GEORGE F. CARPINELLO | McGuire Woods LLP |
| ROBERT C. TIETJEN | 1251 Avenue of the Americas, 20th Floor |
| Boies Schiller Flexner LLP | New York, New York 10020-1104 |
| 30 South Pearl Street | |
| Albany, New York 12207 | THOMAS M. FARRELL |
| | McGuire Woods LLP |
| AUSTIN C. SMITH, ESQ. | 600 Travis Street, Suite 7500 |
| Smith Law Group | Houston, Texas 77002 |
| 3 Mitchell Place, Suite 5 | |
| New York, New York 10017 | DION W. HAYES |
| | K. ELIZABETH SIEG |
| LYNN E. SWANSON | McGuire Woods LLP |
| PETER N. FREIBERG | 800 East Canal Street |
| Jones, Swanson, Huddell & | Richmond, Virginia 23219 |
| Garrison, L.L.C. | |
| 601 Poydras Street, Suite 2655 | |
| New Orleans, Louisiana 70130 | |
| | |
| JASON W. BURGE | |
| Fishman Haygood L.L.P. | |
| 201 St. Charles Avenue, 46thFloor | |
| New Orleans, Louisiana 70170 | |

**BLOCK, Senior District Judge:**

Having appealed an interlocutory order of the bankruptcy court, Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation (collectively, "Appellants") move this Court to certify the order for direct appeal to the Second Circuit. The motion is granted.

**I**

Hilil K. Homaidan filed for bankruptcy in 2008 and obtained a discharge order in 2009. However, Appellants continued collection efforts on Homaidan's "Tuition Answer" student loans. Homaidan later filed an adversary proceeding in his bankruptcy case, in which he sought a declaration that the loans had been discharged and damages for Appellants' violation of the discharge order.

Appellants moved to dismiss the adversary proceeding, principally on the ground that the loans were "obligation[s] to repay funds received as an educational benefit, scholarship, or stipend" and, therefore, not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(ii). The bankruptcy reached the contrary conclusion that "'an obligation to repay funds received as an educational benefit' must mean something other than a loan." *In re Homaidan*, 596 B.R. 86, 102 (Bankr. E.D.N.Y. 2019). Accordingly, it denied the motion to dismiss.

Appellants filed a notice of appeal. As noted, they asked the Court to certify the bankruptcy court's order for direct appeal to the Second Circuit. *See* 28 U.S.C.

§ 158(d)(2). In the alternative, they asked the Court to take the interlocutory appeal. *See id.* § 158(a)(3) (allowing interlocutory appeals of bankruptcy court orders "with leave of the court").

## II

**A.    Direct Appeals in Bankruptcy Cases**

An appeal from an order or judgment of a bankruptcy court is generally heard first by a district court. *See* 28 U.S.C. § 158(a). The district court's final decision may then be appealed to the circuit court. *See id.* § 158(d)(1). In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act, which included a mechanism for "leapfrogging the district court in the appeals process." *Weber v. United States*, 484 F.3d 154, 160 (2d Cir. 2007) (citing 28 U.S.C. § 158(d)(2)).

The Act creates a two-step procedure for a direct appeal. First, it grants the circuit courts the same jurisdiction district courts have in bankruptcy cases "if the bankruptcy court, the district court, . . . or all the appellants and appellees (if any) acting jointly" certify that at least one of three circumstances exists:

> (i)    the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii)   the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

3

> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). The circuit court then decides whether to "authorize[]" the appeal. *See id.* § 158(d)(2)(A).

If a lower court determines that an enumerated circumstance exists, then it "*shall* make the certification described in subparagraph (A)." *Id.* § 158(d)(2)(B) (emphasis added). Unlike certification, authorization by the circuit court is completely discretionary. *See Weber*, 484 F.3d at 160 ("Initially divided over whether to make direct appeals mandatory in certain circumstances, or to grant discretion to the courts of appeals to accept or decline such direct appeals, Congress wisely adopted the latter path, probably in recognition of the salutary effects of allowing some cases to percolate through the normal channels."). In *Weber*, the Second Circuit outlined how it would generally exercise its discretion:

> [W]e will be most likely to exercise our discretion to permit a direct appeal where there is uncertainty in the bankruptcy courts (either due to the absence of a controlling legal decision or because conflicting decisions have created confusion) or where we find it patently obvious that the bankruptcy court's decision is either manifestly correct or incorrect, as in such cases we benefit less from the case's prior consideration in the district court and we are more likely to render a decision expeditiously, thereby advancing the progress of the case. On the other hand, we will be reluctant to accept cases for direct appeal when we think that percolation through the district court would cast more light on the issue and facilitate a wise and well-informed decision.

484 F.3d at 161.

### B. Application

The issue in this appeal is whether Homaidan's "Tuition Answer" student loans were "obligation[s] to repay funds received as an educational benefit, scholarship, or stipend." 11 U.S.C. § 523(a)(8)(A)(ii). That is a question of law, principally involving interpretation of the statutory phrase "funds received as an educational benefit." All agree that there is no controlling case from the Supreme Court or the Second Circuit on that issue. The Second Circuit cited the statute in *In re Desormes*, 569 F. App'x 42 (2d Cir. 2014), but the issue before it appears to have been whether it applied to funds sent directly from a lender to an educational institution. *See id.* at 43 ("Contrary to Desormes's argument, if a transfer of funds directly to the debtor is not necessary for the creation of a loan, there is little reason to think such a transfer is necessary for the loan to be received within the meaning of the statute."). In any event, the decision is a non-precedential summary order.

Thus, the circumstance described in § 158(d)(2)(A)(i) is present here. Although that should end the Court's inquiry, the parties devote substantial effort to arguing such issues as whether the bankruptcy court's decision was correct, whether more cases from other courts agree or disagree with it, whether the issue presented requires a more developed record, and whether a direct appeal would advance the adversary proceeding to a conclusion. Those questions are worthy of consideration; indeed, consideration of similar ones led two other circuit courts to

5

authorize direct appeals in cases involving the same legal issue. *See In re Crocker*, 941 F.3d 206 (5th Cir. 2019); *Navient Solutions, LLC v. McDaniel*, No. 18-710 (10th Cir. jurisdiction accepted Nov. 18, 2018).[1] But the proper forum for their consideration is in the Second Circuit, as it decides whether to authorize a direct appeal.

### III

For the foregoing reasons, the motion to certify the bankruptcy court's order for direct appeal is granted. Accordingly, the Court certifies that the order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A)(i). The motion for leave to proceed with an interlocutory appeal in this Court is denied without prejudice to renewal should the circuit court decline to accept the direct appeal. The Clerk is directed to transmit a copy of this Memorandum and Order to the Second Circuit.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 25, 2020

---

[1] The Fifth Circuit reached the same conclusion on the merits at the bankruptcy court did here. *See In re Crocker*, 941 F.3d at 224. The Tenth Circuit case remains under consideration.